MARIAM T. McGILL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McGill v. Commissioner
Docket No. 34668-84.
United States Tax Court
T.C. Memo 1986-402; 1986 Tax Ct. Memo LEXIS 208; 52 T.C.M. (CCH) 297; T.C.M. (RIA) 86402; August 26, 1986. *208 Miriam T. McGill, pro se. Steven K. Dick, for the respondent. RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner determined deficiencies [1] in petitioner's income tax and additions to tax for the calendar years 1978-1982, as follows: Additions to Tax, I.R.C. Section
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654(a)
1978
$402.00
$64.71
$20.10
$0.00
$7.12
1979
634.00
112.10
31.70
0.00
16.82
1980
773.00
146.71
38.65
0.00
34.48
1981
1,138.44
217.11
56.92
50% of the interest
61.55
due on $1,138.44
1982
876.00
138.82
43.80
50% of the interest
46.23
due on $876.00
The case was submitted on the basis of a stipulation of facts which, together with exhibits, is incorporated herein by reference. Petitioner, a resident of South Bend, *209 Indiana, when the petition herein was filed, worked for Wayne Hardware Co., Inc., during the tax years. She did not file any income tax returns for any of those years. She earned wages from her employer in the amounts of $5,444.80, $6,859.70, $7,632, $8,256, and $8,784 during the years 1978 through 1982, respectively. These amounts appear in the forms W-2 prepared by Wayne Hardware Co., Inc. The Commissioner also determined that the received "other compensation" in the amount of $908 from her employer in 1981 in addition to the foregoing wages. The record does not establish that there was any error in that determination. Petitioner concedes that she received $300 interest income in each of the five years in issue from Southern Bell Telephone and Telegraph Co. Petitioner's principal contention is that she received no income in respect of her wages or compensation because she merely exchanged her labor for such wages or compensation and realized no gain in such exchange of "property". The same argument has been made in a number of other cases and uniformly rejected as frivolous.It is utterly without merit and does not warrant any further consideration or even the mere citation *210 of supporting authority. In the petition it is alleged that the "Commissioner errored in determining Petitioner not entitled to standard deductions of ScheduleA and B forms during the years in question". To the extent that petitioner was referring to the "standard deduction" or the "zero bracket amount", she is in error because those amounts are factored into the tax tables from which the tax is determined. To the extent that this allegation was intended to refer to specific deductions there is no support in the record for her position. To be sure, the record does contain materials that would support a contention that petitioner had certain small medical expenses, some small deductions for charitable contributions, and some possible theft losses in two of the years. However, the record completely fails to establish the amounts of such theft losses, particularly petitioner's basis in any of the alleged stolen items that she had received by gift or inheritance. Moreover, there is utterly no proof that the aggregate of all the possible deductions exceeded the standard deduction or the zero bracket amount in any of the years at issue. We can find no error in the Commissioner's *211 determination in this respect. As to the additions to tax, petitioner has not shown any one of them to be in error. Decision will be entered for the respondent.
Footnotes
1. The deficiency notice recognized that there were credits for withholding in the amounts of $143.18, $185.62, $186.18, $270.02, and $320.72, for the years 1978-1982, respectively. Such credits should be taken into account in the course of collection of the deficiencies, which are sustained infra↩ in this opinion.